S. Frank Harrell, Esq. [State Bar No. 133437]
SFH@lynberg.com
Shannon L. Gustafson, Esq. [State Bar No. 2228856]
SLG@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
333 City Boulevard West, Suite 640
Orange, California 92868-5915
(714) 937-1010

Attorneys for Defendants, CITY OF HERMOSA BEACH, GAETANO LOBUE, JOSHUA DROZ, ANTHONY PARENTE, MICK GAGLIA and GEORGE BRUNN

FILED
CLERK, U.S. DISTRICT COURT
AUG 1 3 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

NOTE CHANGES MADE BY THE COURT.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE COELLO,<br><br>　　　　Plaintiff(s),<br><br>vs.<br><br>CITY OF HERMOSA BEACH, GAETANO LOBUE, #167, individually and as a peace officer, JOSHUA DROZ, individually and as a peace officer, individually and as a peace officer, ANTHONY PARENTE, individually and as a peace officer, MICK GAGLIA, individually and as a peace officer, and GEORGE BRUNN, individually and as a peace officer, DOES 1-10, inclusive,<br><br>　　　　Defendant(s). | Case No. CV 07-06900 PSG (FMOx)<br><br>Assigned for All Purposes to the Honorable Philip S. Gutierrez<br><br>**STIPULATION FOR PROTECTIVE ORDER**<br><br>**[DISCOVERY MATTER FOR DETERMINATION BY MAGISTRATE JUDGE OLGUIN]** |

1
**STIPULATION FOR PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED** by and through undersigned counsel that:

1. The documents listed on the Privilege Log attached hereto as Exhibit "A", which have been requested by Plaintiff Coello's First Request for Production of Documents, Set One to Defendant City of Hermosa Beach, are documents maintained by the Hermosa Beach Police Department as part of peace officers' personnel files or as part of an internal affairs investigation. In addition to those items listed on the privilege log, the parties agree that the arrest reports requested by Plaintiff which contain personal information regarding third parties arrested at other dates and times, who were not witnesses to the incident at issue in this lawsuit, should be subject to a protective order. The documents listed on the Privilege Log attached hereto as Exhibit "A" and the third party arrest records are to be designated as "confidential material." Such designation shall be made by stamping or otherwise marking the documents prior to production or use in this litigation as follows:

## "CONFIDENTIAL MATERIAL SUBJECT
## TO PROTECTIVE ORDER"

2. Confidential material shall be used solely in connection with the preparation and trial of the within case, Case No. CV 07-06900 PSG (FMOx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

3. Testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used

only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

5.  Confidential material may not be disclosed, except as provided in paragraphs 6 and 7.

6.  Confidential material may be disclosed only to the following persons:
    (a) Counsel for any party and any party to this litigation;
    (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a).
    (c) Court personnel, including stenographic reporters engaged in such proceedings as are necessarily incidental to preparation for the trial of this action;
    (d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and
    (e) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in paragraph 6 is intended to prevent officials or employees of the City of Hermosa Beach or other authorized governmental officials from having access to the documents if they would have had access in the normal course of their job duties. Further, nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the City of Hermosa Beach with respect to what he or she saw, heard or otherwise sensed.

7.  Each person to whom disclosure is made, with the exception of counsel, who are presumed to know the contents of this protective order, and court personnel, shall prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party. Such person also must consent

to be subject to the jurisdiction of the United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.

8. If Confidential Material, including any portion of a deposition transcript, is included in any papers to be filed with the Court, such papers shall be accompanied by an application which comports with Local Rule 79-5.1 and seeks to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The Application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal in accordance with Local Rule 79-5.1

9. At the conclusion of the trial and of any appeal or upon termination of this litigation, all confidential material received under the provisions of this order (including any copies made and/or any computer materials made or stored) shall be tendered back to the City of Hermosa Beach within 30 days. ~~Provisions of this order in so far as they restrict the disclosure and use of the material shall be in effect until further order of this Court.~~ Once this case proceeds to trial, all of the information designated as confidential and/or kept and maintained pursuant to the terms of this Protective Order becomes public and will be presumptively available to all members of the public, including the press, unless good cause is shown to the District Judge in advance of the trial to proceed otherwise.

10. The foregoing is without prejudice to the right of any party:

    (a) To apply to the court for a further protective order relating to confidential material or relating to discovery in this litigation;

    (b) To apply to the court for an order removing the confidential material designation from any documents; and

    (c) To apply to the court for an order compelling production of documents or modification of this order or for any order permitting disclosure of confidential material beyond the terms of this order.

(d) All disputes relating to this Protective Order, such as designation of confidential material, shall be done pursuant to Local Rule 37.

///

4

**STIPULATION FOR PROTECTIVE ORDER**

11. GOOD CAUSE exists for designating these materials as confidential in order for the City of Hermosa Beach officials to comply with the principles expressed in Attorney General Opinion Number 99-503, 82 Op. Atty Gen. Cal. 246, as well as to protect the privacy rights of the peace officers in their personnel files and the privacy rights of third parties not subject to this litigation.

**IT IS SO STIPULATED.**

Dated: August 6, 2008

**LYNBERG & WATKINS**
A Professional Corporation

By: _____
S. Frank Harrell, Esq.
Shannon L. Gustafson, Esq.
Attorneys for Defendants

Dated: August 6, 2008

**THE BECK LAW FIRM**

By: _____
Thomas E. Beck, Esq.
Attorney for Plaintiff

## ATTACHMENT A
## NON DISCLOSURE AGREEMENT

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in <u>Coello v Hermosa Beach</u>, Case No. CV 07-06900 PSG (FMOx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purpose of enforcing this nondisclosure agreement.

DATED: _____            _____

## ORDER

Pursuant to the stipulation of the parties and good cause appearing therefor, the Court orders that a protective order be in effect as of _August 13_, 2008.

**IT IS SO ORDERED.**

DATED: _August 13, 2008_

FERNANDO M. OLGUIN
_____
HONORABLE FERNANDO M. OLGUIN
United States Magistrate Judge