O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#64/65

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **(In Chambers) Order on Motions for Summary Judgment**

Before the Court are Defendants' motions for summary judgment. The Court finds the matters appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15. After considering the moving and opposing papers, the Court hereby GRANTS in part and DENIES in part the officers' motion, and GRANTS the City's motion.

I.    Background

On September 16, 2006, Plaintiff Enrique Coello met a couple of friends for dinner. *UF* ¶ 1. Later in the evening, they walked to a nearby club to meet up with some other friends. *UF* ¶ 4. After drinks and dancing, five people took a cab to Coello's house in Hermosa Beach, California. *UF* ¶ 5. They arrived at Coello's home around 1:00 a.m and decided to go for a dip in his backyard swimming pool. *UF* ¶ 6. Coello turned on the stereo in his den and left the sliding door open so that he and his guests could hear the music outside. *UF* ¶¶ 8-9. The group was in the pool, splashing, laughing, and giggling for five to ten minutes. *UF* ¶ 10.

At 1:01 a.m., the Hermosa Beach Police Department ("HBPD") received a complaint of a loud pool party from Henry Titzler, a neighbor living directly behind Coello. *Plf's Ex. B*; *UF* ¶ 29. Officer Gaetano Lobue responded to the call. *UF* ¶ 13. According to Coello, he and his guests were inside his home when Officer Lobue arrived. *UF* ¶14. Coello claims that he saw Lobue walking around his backyard, shining a flashlight. *UF* ¶¶ 14-15. Coello told Lobue to meet him around front and walked through the house to meet the officer at the front door. *UF* ¶ 16; *Plf's Ex. C* 2:6-8. Lobue told Coello to instruct his guests to leave. *Plf's Ex. C* 3:3-4. Coello told Lobue that he had "no right" to be in his home or backyard, or to force Coello's

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

guests to leave.  *Id.* at 3:7-17.  Coello claims that he attempted to close his front door, but Officer Lobue prevented it by stepping inside and holding the door open with his foot.  *Id.* at 5:12-21, 23-24, *Opp.* 4:1-3.

Coello protested that Lobue was "trespassing [in his] house right now."  *Plf's Ex. C* at 5:20-21.  To this, Lobue responded, "Are you an attorney?"  *Id.* at 5:25.  Coello replied, referring to one of his friends: "he is."  *Id.* at 6:2.  Coello also told Lobue that he didn't like the officer "going inside my back yard."  *Id.* at 7:11-13.  Lobue retorted, "I don't like you – I don't like you, either."  *Id.* at 7:14-15.  Lobue continued to insist that Coello's guests leave.  *Plf's Ex. C* 6:7; 8:10-11.  Coello told Lobue to call his sergeant, and Lobue refused, telling him, "No.  I don't need to do that.  Not for you."  *Id.* at 8:24-9:2.  Coello then called 911, requesting that a supervising officer be sent to his residence.  *Plf's Ex. F.*

When the dispatcher broadcast Coello's request, Lobue cancelled it: "You can disregard that 911 call; that person is uncooperative and intoxicated."  *Plf's Ex. C* 10:15-16.  Lobue confirmed that Coello had called 911 and told him that he was going to jail for making a false 911 call.  *Id.* at 14:18-15:18.  Lobue announced over the radio that he was taking Coello in, and Officers Joshua Droz and Anthony Parente responded to the scene.  *UF* ¶ 25.  Coello claims that Droz and Parente entered his home and "grabbed" him from the interior staircase leading to the second floor of Coello's home.  *SGI* ¶¶ 27, 32.  As Coello was being arrested, Lobue told him, "You got to learn to respect the police, man."  *Plf's Ex. C* 18:10-11.

Coello was transported to the HBPD jail, where he asked what the charge was.  Lobue responded, "Uh, a false 911 call."  *Id.* at 21:5-10.  George Brunn, the watch commander, met with Coello in the jail cell and asked him what happened.  *Plf's Ex. H* 207:19-23.  Brunn then attempted to speak with Lobue about the incident, and Lobue told Brunn that there was no need to ask him because Brunn had already spoken with Coello and believed Coello's version of the facts.  *Id.* at 210:10-23.  Eventually, Lobue described what had happened to Brunn.  *Id.* at 210:21-23.  Brunn approved Coello's bookings on two charges: (1) making a false 911 call and (2) public intoxication.  *See Plf's Ex. I.*  Brunn determined that Coello was inebriated because he observed "a strong odor of alcoholic beverage coming from [Coello's] person, his speech was somewhat slurred, mumbled.  I believe his eyes were red, watery.  He was very agitated."  *Plf's Ex. H* 245:15-24.  Coello, however, contends that he was not intoxicated.  *SGI* ¶ 43.

Coello alleges that Lobue fabricated information in his police report, falsely stating that Coello was intoxicated and was standing outside his house on the front porch in order to support a charge of public intoxication.  *Opp.* 6:24-26; *Plf's Ex. D.*  Coello was released from jail the

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#64/65

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

following day and never charged with any crime.  He subsequently wrote a letter of complaint to HBPD Chief Greg Savelli.  Savelli responded that Coello's complaint had been investigated and that "appropriate administrative action" was taken against Officer Lobue for his failure to treat Coello with "'Courtesy and Respect' as required by department policy" and his refusal to "notify or request his supervisor when requested by you, another violation of department policy."  *Plf's Ex. L.*

On October 24, 2007, Coello filed this 42 U.S.C. § 1983 suit against Officers Lobue, Droz, Parente, Brunn, and Mick Gaglia, as well as the City of Hermosa Beach ("the City").  Defendants now move for summary judgment on all of Coello's claims.

II.    Legal Standard

Federal Rule of Civil Procedure 56(c) establishes that summary judgment is proper only when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving party has the burden of demonstrating the absence of a genuine issue of fact for trial.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  If the moving party satisfies the burden, the party opposing the motion must set forth specific facts showing that there remains a genuine issue for trial.  *See id.* at 257.

A non-moving party who bears the burden of proving at trial an element essential to its case must sufficiently establish a genuine dispute of fact with respect to that element or face summary judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).  Such an issue of fact is a genuine issue if it reasonably can be resolved in favor of either party.  *See Anderson*, 477 U.S. at 250-51.  If the moving party seeks summary judgment on a claim or defense for which it bears the burden of proof at trial, the moving party must use affirmative, admissible evidence.  Admissible declarations or affidavits must be based on personal knowledge, must set forth facts that would be admissible evidence at trial, and must show that the declarant or affiant is competent to testify as to the facts at issue.  *See* Fed. R. Civ. P. 56(e).

III.    Discussion

A.    Unlawful Arrest

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#64/65

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

An arrest without probable cause violates the Fourth Amendment and gives rise to a cause of action for damages under 42 U.S.C. § 1983. *See McKenzie v. Lamb*, 738 F.2d 1005, 1007 (9th Cir. 1984). "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused committed or was committing an offense." *Allen v. City of Portland*, 73 F.3d 232, 237 (9th Cir. 1995) (citation omitted). When the underlying facts are disputed, whether an officer had probable cause to arrest an individual is usually a question for the jury. *McKenzie*, 738 F.2d at 1008.

       *(1) Officer Lobue*

Lobue contends that he is entitled to summary judgment on Coello's false arrest claim because either Coello's admissions or Titzler's noise complaint constituted probable cause to arrest Coello for violating Cal. Penal Code section 415, which prohibits "maliciously and willfully disturb[ing] another person by loud and unreasonable noise." First, Officer Lobue points to "admissions" that Coello violated the statute. It is undisputed that Coello and his friends were in the pool, splashing, laughing, and giggling for about five to ten minutes; that they were playing music on the stereo in Coello's den, which they could hear outside; that Coello had to keep telling his friends to be quiet; and that the noise caused Titzler to call the police. *UF* ¶¶ 8-12. Coello admitted in his deposition that he knew he and his friends may have disturbed his neighbors while in the pool. He also indicated that he was not angry with the neighbor who called the police. *UF* ¶¶ 18-20, 22.

However, in relying on admissions Coello made in his deposition, Lobue's argument overlooks the key temporal aspect of probable cause. The existence of probable cause does not turn upon whether Coello actually committed a crime or whether he admitted, after the fact, to wrongdoing; rather, it depends upon Officer Lobue's objective knowledge at the time of the arrest. *Allen*, 73 F.3d at 236; *Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999) ("The existence of probable cause turns on the information known to the officers at the moment the arrest is made, not on subsequently-received information.").

Lobue has set forth no evidence that Coello admitted, on the evening of his arrest, that he had been willfully disturbing his neighbors by making "loud and unreasonable" noise. In an interrogatory response regarding the events of that evening, Coello stated: "I told [Officer Lobue] there is no party here, no music, the doors and windows are shut and the noise was caused by the swimming in the pool and we were not in the pool anymore." *Dfts' Ex. E* at 2-3. The Court notes, however, that the entire incident was captured on Officer Lobue's personal audio recorder, and at no time did Coello make such a comment. *See Plf's Ex. C; Dft's Ex. F.*

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

Rather, Coello told Lobue, "we weren't loud." *Ex. C* 7:3. Moreover, even if Coello had, in fact, told Lobue that "the noise was caused by swimming in the pool," this remark would not give rise to probable cause to arrest Coello for disturbing the peace. "Noise" caused by "swimming in the pool" could refer to any number of sounds, including splashing, that would not amount to "maliciously and willfully disturb[ing] another person by loud and unreasonable noise." *See* Cal Penal Code § 415.[1]  Furthermore, Coello never admitted that he, personally, had been noisy, and the statute does not provide for vicarious liability for noises made by others, even if they were guests on his property. At no time did Coello tell Officer Lobue that he had been playing his stereo loudly or making unreasonable noise in any other manner. Therefore, probable cause to arrest Coello did not exist based on his statements to Lobue.

Lobue also contends that Titzler's phone call to report a "loud pool party" was sufficient to establish probable cause. However, "[i]n establishing probable cause, officers may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924 (9th Cir. 2001). Further, when the source of police information about a suspect is an eyewitness to the crime, the witness must be fairly certain of his identification of the suspect. *See United States v. Hammond*, 666 F.2d 435, 439 (9th Cir. 1982).

Here, there is no evidence that Titzler identified Coello (by either name or description) as the source of the noise. Titzler told the 911 operator that he had been disturbed by loud noises coming from the "house behind us." The fact that Coello identified himself to Lobue as the owner of the house where the noise was purportedly coming from was insufficient cause to believe that Coello had *personally* violated the statute.

In sum, Lobue has not shown that the facts within his knowledge at the time of the arrest warranted a belief that Coello had violated Cal. Penal Code section 415. Therefore, summary judgment is denied as to Officer Lobue on Coello's false arrest claim.[2]

---

[1]  "Maliciously" means with a "wish to vex, annoy, or injure another person, or an intent to do a wrongful act." Cal. Penal Code 7.

[2]  The Court expresses no opinion on whether probable cause existed to arrest Coello for violating Cal. Penal Code sections 647(f) or 653(x) because Defendants did not assert either as grounds for summary judgment.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#64/65

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

### (2) Officer Gaglia

Coello admits that Officer Gaglia was not present at his home during the arrest.  *UF* ¶ 27. To establish § 1983 liability, a plaintiff must show that the defendant was an "integral participant" in the constitutional violation; a defendant's mere presence at the scene of the unlawful conduct, without personal involvement, is insufficient.  *See Jones v. Williams*, 297 F.3d 930, 936 (9th Cir. 2002).  Because it is undisputed that Gaglia did not participate in Coello's arrest, summary judgment is granted for Gaglia on the false arrest claim.

### (3) Officers Droz and Parente

Officers Droz and Parente contend that they are entitled to summary judgment because they could lawfully assist Officer Lobue with the arrest without making their own determination of probable cause.  Coello appears to concede this point.  *See Opp.* 18:21-22 ("[U]nlike Droz and Parente, Brunn cannot defend Coello's claims by mere reliance on Lobue's factual assertions supporting probable cause.").

Because "effective and efficient law enforcement requires cooperation and division of labor to function . . . officers are generally entitled to rely on information obtained from fellow law enforcement officers."  *Motley v. Parks*, 432 F.3d 1072, 1081 (9th Cir. 2005) (en banc). Officers often make arrests at the direction of another officer, even when they lack actual, personal knowledge of the facts supporting probable cause.  *United States v. Jensen*, 425 F.3d 698, 704 (9th Cir. 2005).  Here, Officers Droz and Parente were under no duty to independently investigate whether probable cause existed to arrest Coello.[3]  Accordingly, summary judgment is granted for them on Coello's false arrest claim.

### (4) Officer Brunn

Coello alleges that Officer Brunn was responsible for his unconstitutional detention because he "could see for himself" that Coello was not intoxicated and therefore had the duty to discharge Coello from jail.  However, Coello has failed to point to any Supreme Court or Ninth

---

[3]  Droz and Parente might be subject to liability, in spite of their right to rely on Lobue's determination of probable cause, if they ignored plainly exculpatory evidence that would negate a finding of probable cause.  See *Broam v. Brogan*, 320 F.3d 1023, 1032 (9th Cir. 2003). However, Coello has not shown that Droz and Parente turned a blind eye toward readily available evidence indicating that Coello had not committed a crime.

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title    | Enrique Coello v. City of Hermosa Beach, et al. | | |

Circuit authority for the proposition that Brunn had a duty to release him, even if, as Coello alleges, Brunn realized that Lobue lacked probable cause to arrest him. *See Willingham v. City of San Leandro*, No. C06-3744, 2008 WL 2020523, at *1 (N.D. Cal. May 8, 2008). Other circuits have held that a jailer is liable for illegal detention when he "possess an affirmative knowledge of the illegality of the arrest," but is not culpable when he acted "reasonably and in good faith." *Wood v. Woracheck*, 618 F.2d 1225, 1231 (7th Cir. 1980); *see also McConney v. City of Houston*, 863 F.2d 1180, 1185 (5th Cir. 1989) (holding that an affirmative duty to release arises only if the arresting officer ascertains beyond a reasonable doubt that probable cause was lacking).

Here, the evidence suggests that Brunn acted reasonably and in good faith by interviewing both Coello and Lobue to obtain their version of events. Coello has pointed to no evidence showing that Brunn possessed affirmative knowledge of the illegality of the arrest or that Brunn ascertained, beyond a reasonable doubt, that probable cause to arrest Coello did not exist. Brunn personally observed that Coello exhibited signs of intoxication, including an strong odor of alcohol, red eyes, and slurred speech.[4] *Plf's Ex. H* 245:15-24. A reasonable jury could not conclude, based solely on Coello's assertion that he was not inebriated, that Brunn had received firsthand information that Coello had committed no offenses. *See Wood*, 618 F.2d at 1231 ("It was not the obligation of the jailers to determine whether or not probable cause existed for his arrest."); *Motley*, 432 F.3d at 1081 (stating that an officer may rely on information communicated to him by fellow officers to establish probable cause). Coello's theory of liability appears to be that Brunn, as Lobue's supervisor, was required to independently make a determination of probable cause; however, this is not the law. For the foregoing reasons, summary judgment is granted for Brunn on the false arrest claim.

B.  Unlawful Entry/Warrantless Home Arrest

According to Coello, he was sitting on the interior staircase leading to the second floor of his home when Officers Droz and Parente entered the house, grabbed him, and took him outside, where Officer Lobue handcuffed him. As discussed above, Droz and Parente are not liable for false arrest because they were entitled to rely on Lobue's determination of probable cause. However, the officers are subject to liability for unlawful entry.

---

[4] Further, a reasonable inference could be drawn that Coello had sobered up between the time he was arrested and his interview with Brunn.

**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

Unless there are exigent circumstances, law enforcement officers may not enter a person's home without a warrant or consent, even if there is probable cause to make an arrest. *Payton v. New York*, 445 U.S. 573, 602-603 100 S. Ct. 1371, 63 L. Ed. 639 (1980). "Freedom from intrusion into the home or dwelling is the archetype of the privacy protection secured by the Fourth Amendment." *Id*. at 587 (citation omitted).

In the instant case, Coello has presented evidence that he was subjected to a warrantless home arrest by Parente, Droz, and Lobue. The fact that Coello initially opened the front door to speak with Officer Lobue does not make the entry and arrest constitutional. *See United States v. Quaempts*, 411 F.3d 1046, 1048 (9th Cir. 2005). In *Quaempts*, Ninth Circuit rejected the argument that police could lawfully arrest a person within his home after he had opened the door in response to the police's knock. *Id*. Noting that the Supreme Court has drawn a "firm line" at the entrance to the home, the Ninth Circuit held that to allow the warrantless arrest of an individual who opens the door to police but remains inside "would do violence to the principles laid down in *Payton* that established a zone of privacy inside the physical dimensions of one's home." *Id*. Here, the officers have not offered any evidence that Coello was arrested outside or even in his doorway, which is not considered a private place. *United States v. Vaneaton*, 49 F.3d 1423, 1427 (9th Cir. 1995); *Quaempts*, 411 F.3d at 1048 (distinguishing *Vaneaton*). Coello, on the other hand, has presented evidence that he was well within the exterior of his home at the time of the arrest. *SSF* ¶¶ 27, 32.

Further, Defendants have not submitted any evidence showing that Coello consented to entry. *See Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008) (stating that officers have the burden of showing that the resident gave legally sufficient consent). Indeed, the transcript and audio recording from Lobue's recorder show that Coello repeatedly asked the officer to leave and tried to close the door; according to Coello, Lobue had his foot in the door, preventing Coello from closing it. *See Plf's Ex. C* 5:12-21. Coello's statement that he would talk to Lobue "up front" and his opening of the door are not equivalent to a showing of consent to the officers' entry. *See Lopez-Rodriguez* at 536 F.3d at 1018 ("[T]he bare fact that [occupant] neither refused to speak to them nor ordered them to leave after they pushed the door open and entered her home is insufficient to establish consent.").

Accordingly, summary judgment is denied as to Officers Lobue, Parente, and Droz on

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

Coello's unlawful entry claim.[5]

C.    Retaliatory Arrest

Coello maintains that Lobue arrested him in retaliation for challenging Lobue's authority to be present at his home and to force Coello's guests to leave. "The First Amendment protects a significant amount of verbal criticism and challenge directed at police officers." *City of Houston v. Hill*, 482 U.S. at 451, 461, 107 S. Ct. 2502, 96 L. Ed. 2d 398 (1987). Accordingly, a law enforcement officer who arrests a person in retaliation for being insulted or challenged violates the arrestee's First Amendment rights. *See id*. at 462-63 ("The freedom of individuals verbally to oppose or challenge police action without thereby risking arrest is one of the principal characteristics by which we distinguish a free nation from a police state."); *Duran v. City of Douglas*, 904 F.2d 1372, 1377-78 (9th Cir. 1990).

In the instant case, Coello has set forth evidence that would enable a rational factfinder to conclude that Lobue arrested him in retaliation for engaging in protected speech. The transcript indicates that Coello repeatedly told Lobue that he had "no right" to be in Coello's backyard, house, or to order Coello's guests to leave. *E.g.*, *Plf's Ex. C* 3:7-17, 4:12-13, 5:20-6:21. In response, Lobue told Coello, "You been watching too much Cops. You need to respect the police." *Id*. at 4:9-10. As Coello repeated that Lobue had no right to order his guests to leave and that Lobue was "trespassing" in his house, Lobue asked him, "Are you an attorney?" *Id*. at 5:25. Coello replied, referring to his friend: "he is." *Id*. at 6:2. Moments later, Coello again told Lobue that he didn't like the officer going in his backyard. Lobue retorted, "I don't like you – I don't like you, either." *Id*. at 7:14-15. Lobue told Coello to "shut up" and rejected Coello's repeated requests that he call a supervisor. And again, while effectuating the arrest, Lobue told Coello, "You got to learn to respect the police, man." *Id*. at 18:10-11.

Lobue contends that Coello has not identified any statements that constituted insults or other offensive speech. However, speech need not be particularly offensive or egregious in order to be protected by the First Amendment. The conversation between Coello and Lobue, as captured on Lobue's audio recorder, and the sequence of events that transpired permit an inference that Lobue was angered by what he perceived as Coello's lack of respect for his authority. Further, Lobue noted in his police report that Coello had been "sarcastic and

---

[5] Coello's complaint is not clear as to which of his claims are asserted against each Defendant. Because Coello has not alleged that any of the other officers entered his home, summary judgment is granted as to Officers Gaglia and Brunn.

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

insulting" during the interaction at his home.  *Plf's Ex. D* at 2.  Although Lobue announced that he was placing Coello under arrest for making a false 911 call, a reasonable jury could find, based on the record before the Court, that Lobue was, at least in part, punishing Coello for challenging his authority.  Therefore, summary judgment is DENIED on Plaintiff's First Amendment claim as to Officer Lobue.[6]

      D.     Due Process

      Coello claims that Defendants deprived him of the due process liberty interests guaranteed by Cal. Pen. Code sections 146 and 118.1.  Cal. Penal Code section 146 provides:

> Every public officer, or person pretending to be a public officer, who, under the pretense or color of any process or other legal authority, does any of the following, without a regular process or other lawful authority, is guilty of a misdemeanor:

> (a) Arrests any person or detains that person against his or her will.

Cal. Penal Code section 118.1 states:

> Every peace officer who files any report with the agency which employs him or her regarding the commission of any crime or any investigation of any crime, if he or she knowingly and intentionally makes any statement regarding any material matter in the report which the officer knows to be false, whether or not the statement is certified or otherwise expressly reported as true, is guilty of filing a false report punishable by imprisonment in the county jail for up to one year, or in the state prison for one, two, or three years.

      It appears that Coello is claiming that Defendants infringed his substantive due process rights to be free of arrest and detention without probable cause.  He does not argue that

---

     [6]  It does not appear that Coello is claiming that any other officer retaliated against him in violation of the First Amendment.  *See Opp*. 7:19-20.  However, to the extent that Coello alleges retaliation against any other officer, summary judgment is GRANTED for the remaining Defendants because Coello has offered no evidence supporting a First Amendment claim against any officer besides Lobue.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

Defendants denied him procedural due process.

"The protections of substantive due process have for the most part been accorded to matters relating to marriage, family, procreation, and the right to bodily integrity." *Albright v. Oliver*, 510 U.S. 266, 272, 114 S. Ct. 807, 127 L. Ed. 2d 114 (1994). In *Albright*, the Supreme Court noted that the petitioner's claim to be free from prosecution except on the basis of probable cause "is markedly different from those recognized in this group of cases." *Id.* at 272. The Court held that "[w]here a particular [constitutional] Amendment provides an explicit textual source of constitutional protection against a particular government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." *Id.* (internal quotation marks and citation omitted).

Here, as in *Albright*, the Fourth Amendment addresses pretrial deprivations of liberty. *Id.* at 274. Substantive due process does not provide Coello with a basis for relief. *See id.* at 275. Therefore, summary judgment is GRANTED for Defendants on Coello's due process claim.

E.   Conspiracy

Coello alleges that Officers Lobue, Gaglia, and Brunn conspired to deprive him of his constitutional rights by fabricating the reason for his seizure and detention. The officers contend that they are entitled to summary judgment on this claim because Coello has failed to produce any evidence of an agreement or "meeting of the minds."

To establish a conspiracy, a plaintiff must show "an agreement or 'meeting of the minds' to violate [his] constitutional rights." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540-41 (9th Cir. 1989). Each participant must at least have shared the common objective of the conspiracy. *Id.* at 1541. The agreement "need not be overt, and may be inferred on the basis of circumstantial evidence." *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301-02 (9th Cir. 1999). Nonetheless, in order to survive a motion for summary judgment, the plaintiff must present some "concrete evidence of a an agreement or meeting of the minds . . . to violate the plaintiff's rights." *Radcliffe v. Rainbow Constr. Co.*, 254 F.3d 772, 782 (9th Cir. 2001).

Here, Coello contends that Brunn wrote a false report in which he described visible signs of intoxication observed in Coello, even though Coello was not drunk. Coello claims that Lobue also wrote a false report and conspired with Gaglia to come up with the false claim that Coello had been arrested in a public place. Viewing the evidence in the light most favorable to Coello,

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#64/65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

the Court finds that he has produced insufficient evidence of an agreement among the officers to violate Coello's rights.  *See Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 929-30 (9th Cir. 2004); *Phelps*, 865 F.2d at 1540-41.  The only evidence Coello has offered is (1) his own assertion that he was not drunk, and (2) a snippet from the audio recording in which Gaglia says, "public place."  None of this evidence tends to show an agreement to violate Coello's rights.[7] 207:19-23.  Notably, when Brunn attempted to speak with Lobue about the incident at the police station, Lobue told Brunn that there was no need to ask him because Brunn had already spoken with Coello and believed Coello's version of the facts.  *Plf's Ex. H* 210:10-23.  This exchange suggests that Officer Lobue was somewhat at odds with Brunn—not that there was a "meeting of the minds" between the officers.  Therefore, summary judgment is granted for Defendants on Coello's conspiracy claim.

F.    Qualified Immunity

Finally, Defendants contend that they are entitled to qualified immunity because their conduct was objectively reasonable.  Because summary judgment has been granted for Brunn and Gaglia on all of Coello's claims, the Court will only evaluate Lobue, Parente, and Droz's claims of qualified immunity.

The doctrine of qualified immunity will protect an officer from suit, even if he acted unconstitutionally, so long as a reasonable officer could have believed that his conduct was lawful.  *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 73 L. Ed. 2d 396 (1982).  To overcome a defense of qualified immunity, a plaintiff must establish that the defendant violated a constitutional right that was clearly established when the violation occurred.  *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001) (overruled on other grounds). "Whether a right is 'clearly established' for purposes of qualified immunity is an inquiry that

---

[7]  Coello relies on *Harris v. Roderick*, 126 F.3d 1189, 1205 (9th Cir. 1997), in which the court rejected a qualified immunity defense, finding allegations in the complaint sufficient to state a cause of action for conspiracy.  *Harris* involved a motion to dismiss, and thus its reasoning is not applicable here.  At the summary judgment stage, allegations and speculation are insufficient to survive summary judgment; Coello is required to produce evidence setting forth specific facts supporting a charge of conspiracy.  *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Radcliffe*, 254 F.3d at 782 ("The plaintiffs were required to produce concrete evidence of an agreement or "meeting of the minds" between [defendant] and others to violate the plaintiff's rights.").

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

must be undertaken in light of the specific context of the case, not as a broad general proposition.  In other words, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right."  *Graves v. City of Coeur D'Alene*, 339 F.3d 828, 846 (9th Cir. 2003) (internal quotation marks and citation omitted) (abrogated in part on other grounds).

The first inquiry is whether, in light of the information Officer Lobue possessed at the time of the arrest, a reasonable officer would have believed that probable cause existed.  *See Beier v. City of Lewiston*, 354 F.3d 1058, 1071 (9th Cir. 2004).  Officer Lobue argues that because Coello has not presented any case involving similar circumstances, he is entitled to qualified immunity.  However, Lobue misconstrues the requirements of qualified immunity law.  *Harris*, 126 F.3d at 1203.  The generally applicable law here is clearly established.  *See McKenzie*, 738 F.2d at 1007.  A reasonable officer would have understood that the warrantless arrest of Coello without probable cause violated the guarantees of the Fourth Amendment.  *See Ganwich v. Knapp*, 319 F.3d 1115, 1124 (9th Cir. 2003).  The Court expresses no opinion on whether probable cause existed to arrest Coello on any ground other than disturbing the peace, since this was the only argument raised by Defendants in their motion for summary judgment.  Accordingly, the Court declines to grant summary judgment for Lobue as to qualified immunity on the false arrest claim, but does not rule on the ultimate issue.

It is also well-established that police officers "may not exercise their authority for personal motives, particularly in response to real or perceived slights to their dignity."  *Duran*, 904 F.2d at 1378.  "Whether or not [the officer] was aware of the fine points of First Amendment law," if Lobue arrested Coello because he was irritated by Coello's challenges to his authority, he ought to have known that he was violating Coello's constitutional rights.  *Id.*

Finally, no reasonable officer could have believed that entering Coello's home to arrest him without consent or a warrant was lawful.  *See Sepatis v. City and County of San Francisco*, 217 F. Supp. 2d 992, 1003 (N.D. Cal. 2002) ("In light of this extensive precedent, defendants may not claim qualified immunity unless a reasonable officer would have believed the circumstances surround the . . . arrest were exigent.").  The officers bear the burden of showing exigent circumstances justifying a warrantless home arrest.  *Welsh v. Wisconsin*, 466 U.S. 740, 749-50, 104 S. Ct. 2091, 80 L. Ed. 2d 732 (1984).  Here, Officers Lobue, Droz, and Parente could not have reasonably believed that Coello presented a "substantial and imminent risk to others."  *Id.*  Indeed, they do not even argue that exigent circumstances existed.

Accordingly, Officers Lobue, Droz, and Parente have not shown that they are entitled to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

## CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

summary judgment as to their qualified immunity defense.

G.   Punitive Damages

Defendants move for summary judgment on Coello's claim for punitive damages, contending that Coello cannot show the officers acted with malice or reckless disregard for his rights.

Punitive damages are appropriate under § 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 103 S. Ct. 1625, 75 L. Ed. 2d 632 (1983). The decision of whether to impose punitive damages is usually one for the jury. *Ward v. City of San Jose*, 967 F.2d 280, 286 (9th Cir. 1991). However, "defendants are entitled to a directed verdict if the evidence and its inferences, considered as a whole and viewed in the light most favorable to plaintiffs, can reasonably support a defense verdict only." *Id.*

Here, viewing the evidence in the light most favorable to Coello, a jury could find that Officers Lobue, Droz, and Parente acted with reckless disregard for Coello's constitutional rights. Accordingly, the issue of punitive damages is not properly resolved on summary judgment.[8]

H.   Municipal Liability

The City moves for summary judgment on Coello's § 1983 claim. To establish § 1983 municipal liability, a plaintiff must show that the alleged constitutional violation was the product of a policy or custom of the local government. *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989). The policy or custom must have been the "moving force" behind the constitutional deprivation. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipality cannot be subjected to vicarious liability or be sued on a theory of respondeat superior. *Id.* at 691.

---

[8] Because the Court has granted summary judgment on all claims for Officers Brunn and Gaglia, they, of course, are not subject to an award of punitive damages. Furthermore, Coello may not recover punitive damages against the City. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

In the instant case, Coello alleges the existence of the following municipal policies and customs:

(1) The City knew that Lobue, Gaglia, Brunn, Parente, and Droz had committed numerous similar unconstitutional acts of dishonesty and abuse, proving their unfitness for their positions;

(2) The City refused to enforce established administrative procedures to ensure the liberty and safety of arrestees and detainees;

(3) The City refused to adequately discipline individual officers found to have engaged in abuse or misconduct;

(4) The City persistently refused to competently and impartially investigate allegations of police abuse and misconduct;

(5) The City reprimanded, threatened, intimidated, demoted, and fired officers who reported acts of abuse by other officers;

(6) The City covered up acts of misconduct, criminal violations, and abuses and sanctioned a "code of silence" among officers;

(7) The City knew of and sanctioned the custom and practice of falsely arresting, booking, and charging victims of officer abuse with violations of Cal. Penal Code 647(f);

(8) The City failed to adequately train and educate officers with regard to probable cause, booking approval, and arrest;

(9) The City failed to adequately supervise officers;

(10) The City condoned the practice of prosecuting groundless criminal charges to insulate its officers from civil liability, and of reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11) The City condones and encourages a "conspiracy of silence" among its

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#64/65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

employees for the purpose of concealing and furthering wrongful and illegal
conduct by police;

(12) The City refuses to provide public prosecutors and criminal defendants
with exculpatory evidence as required by law;

(13) The City fostered and encouraged an atmosphere of lawlessness, abuse,
and misconduct.

*Compl.* ¶ 21.

*(1) Inadequate hiring*

Coello's first theory of municipal liability is that the City knew that Lobue, Gaglia,
Brunn, Parente, and Droz had committed numerous similar unconstitutional acts of
dishonesty and abuse, proving their unfitness for their positions. The Court construes this
as a claim of inadequate hiring.

"Every injury suffered at the hands of a municipal employee can be traced to a
hiring decision in a 'but-for' sense: But for the municipality's decision to hire the
employee, the plaintiff would not have suffered the injury. To prevent municipal liability
for a hiring decision from collapsing into respondeat superior liability, a court must
carefully test the link between the policymaker's inadequate decision and the particular
injury alleged." *Bd. of County Comm'rs of Bryan County v. Brown,* 520 U.S. 397, 410,
117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). "Only where adequate scrutiny of an
applicant's background would lead a reasonable policymaker to conclude that the plainly
obvious consequence of the decision to hire the applicant would be the deprivation of a
third party's federally protected right can the official's failure to adequately scrutinize the
applicant's background constitute 'deliberate indifference.'" *Id.* at 411.

Here, Coello argues that Officers Lobue, Droz, Parente, and Brunn were hired by
HBPD "notwithstanding their admission engaging in deceitful, dishonest, and illegal
behavior" [sic]. He contends that Lobue's history of abuses were known to HBPD when
they hired Lobue, "illustrating the practice of turning a blind eye to proven unfitness."
Coello also claims that the "antisocial and dishonest misconduct" of Brunn, Parente, and
Droz were known to the HBPD. However, Coello has not offered any evidence of HBPD
screening and hiring procedures. *See id.* at 410-15. Furthermore, Coello has failed to

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

meet his burden to set forth evidence demonstrating that the officers' backgrounds indicated that they were "highly likely" to inflict the *particular* injury suffered by Coello. *See Brown,* 520 U.S. at 412. In other words, Coello has not presented evidence that would allow a jury to conclude that the alleged constitutional violations were "a plainly obvious consequence of the hiring decision." *Id.* at 413. Accordingly, there is no genuine issue of material fact for trial with respect to his claim against the City based on its hiring policies.

> *(2) Refusal to enforce administrative policies to ensure liberty and safety of arrestees*

The complaint alleges that the City refused to enforce administrative policies to ensure the liberty and safety of arrestees and detainees. However, Coello has not identified any particular administrative policy which the City failed to enforce. Further, he has not pointed to any evidence that the City made a "conscious or deliberate choice" not to act to prevent the constitutional violations alleged in the complaint. *Berry v. Baca,* 379 F.3d 764, 767 (9th Cir. 2004). Accordingly, Coello has not met his burden to demonstrate the existence of a genuine issue of material fact regarding the City's failure to enforce administrative policies.

> *(3) Refusal to discipline officers, refusal to investigate allegations of abuse, firing/disciplining officers who report misconduct, and sanctioning a "code of silence"*

The complaint alleges that the City: refused to adequately discipline individual officers found to have engaged in abuse or misconduct; persistently refused to competently and impartially investigate allegations of police abuse and misconduct; reprimanded, threatened, intimidated, demoted, and fired officers who reported acts of abuse by other officers; covered up acts of misconduct, criminal violations, and abuses and sanctioned a "code of silence" among officers; and condones and encourages a "conspiracy of silence" among its employees for the purpose of concealing and furthering wrongful and illegal conduct by police. Because these allegations are closely related, the Court examines them together for the purpose of summary judgment.

A plaintiff may establish § 1983 municipal liability with evidence of repeated constitutional violations for which the errant officers were not reprimanded. *Gillette v. Delmore*, 979 F.2d 1342, 1349 (9th Cir. 1992); *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001). The failure to investigate complaints or discipline officers guilty of

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#64/65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

misconduct must be widespread and "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S. Ct. 915, 99 L. Ed. 2d 107 (1988).   Isolated or random incidents of unconstitutional acts by police are insufficient to establish the existence of a municipal policy or custom. *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

In the instant case, Coello misconstrues the requirements of summary judgment, arguing that the City has failed to controvert the allegations in the complaint.  However, the burden is on Coello to present evidence establishing a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 322-23.  Coello's opposition is, at times, rambling, conclusory, and lacking proper citations to exhibits.[9]  The Court need not, and will not, search the record for evidence supporting his arguments. *Indep. Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003).

Coello has presented no evidence that the City ever reprimanded, threatened, intimidated, demoted, and/or fired an officer or other City employee who reported misconduct by an officer.  He has also failed to present sufficient evidence of a failure to investigate officers accused of misconduct.  Indeed, the evidence suggests that complaints of officer misconduct generally were investigated, but Coello disagrees with the outcome those investigations.  A failure to discipline officers is significant only if the officers were actually guilty of misconduct. *See Spears v. City and County of San Francisco*, 2008 WL 2812022, at *8 (N.D Cal. July 21, 2008).  Here, the record as to the form, extent, and result of internal investigations is insufficient to support a finding of a widespread, well-settled policy of turning a blind eye to officer misconduct.  Finally, there is no evidence before the Court of a "code of silence."  Accordingly, the City is not liable on this theory.

*(4) False 647(f) arrests*

Coello alleges that the City knew of and sanctioned the custom and practice of falsely arresting, booking, and charging victims of officer abuse with violations of Cal. Penal Code section 647(f) (public intoxication).  He argues that "[d]iscovery unearthed numerous examples of how the drunk in public statute are [sic] abused by Hermosa Beach

---

[9]  Coello's opposition to the City's motion for summary judgment and his supporting exhibits were also late.  However, the Court exercised its discretion to consider the untimely papers.

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

PD officers." There is not enough evidence before the Court, however, to establish widespread abuses. Coello points to two other incidents in which individuals were allegedly falsely arrested for public intoxication. *See Opp.* pp. 20-21. Crucially, though, he has not provided any evidence showing that these arrests were unlawful. And even if they were, three incidents over a period of three years is insufficient to demonstrate the existence of a practice that is so widespread, "permanent and well settled as to constitute a 'custom or usage' with the force of law." *See Praprotnik*, 485 U.S. at 127. Coello has not shown that these incidents, even if Coello's version of them is correct, were the product of a City policy, rather than the unconstitutional acts of individual officers. Accordingly, Coello has not demonstrated the existence of a genuine issue of material fact on his municipal liability claim on the basis of false section 647(f) arrests.

### (5) Inadequate training

"Failure to train, or inadequate training, of municipal employees may give rise to section 1983 municipal liability in limited circumstances." *Brown*, 520 U.S. at 407. The plaintiff must establish the existence of a "deficient training program" that is "intended to apply over time to multiple employees." *Id.*

Here, Coello has pointed to no evidence of a deficient training program. In fact, his opposition to the City's motion for summary judgment denies that the complaint includes an allegation of inadequate training. *Opp.* 18:15. Further, he admits that the alleged constitutional violations in this case do not "prove systematic failure to train, only individual incompetence at the plaintiff's expense." *Id.* at 18:18-19. Accordingly, there is no genuine issue of material fact on the issue of inadequate training.

### (6) Inadequate supervision

A municipality may be liable under § 1983 for failure to supervise only if the plaintiff can prove (1) the municipality failed to properly supervise its employees, (2) the inadequate supervision cause a violation of the plaintiff's rights, and (3) the inadequate supervision amounted to deliberate indifference to the rights of persons with whom the officers come into contact. *Tanner v. Heise*, 879 F.2d 572, 583 (9th Cir. 1989). Again, Coello has failed to point to specific evidence of inadequate supervision or to show how this caused the constitutional violations alleged in the complaint.

### (7) Prosecution of groundless charges and refusal to provide exculpatory

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#64/65

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|----------|----------------------|------|-------------------|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

*evidence to defendants*

Coello has not offered any evidence in support of his allegations that the City "condoned the practice of prosecuting groundless criminal charges to insulate its officers from civil liability and of reducing or dismissing criminal charges against individuals in return for releasing them from civil liability" or that the City "refuses to provide public prosecutors and criminal defendants with exculpatory evidence as required by law." Indeed, he does not even address these allegations in his opposition to the City's motion for summary judgment.  Furthermore, it is undisputed that Coello was never charged with a crime; therefore, these policies, even if proven, could not have caused the particular constitutional violations alleged.

*(8) Fostering and encouraging an atmosphere of lawlessness*

Finally, Coello alleges that City "fostered and encouraged an atmosphere of lawlessness, abuse, and misconduct."  For the same reasons described above, Coello has failed to present evidence that creates a genuine issue of material fact as to whether the City had a policy or custom of fostering and encouraging misconduct, that the City disregarded a known or obvious risk that a constitutional violation would result, and that the policy caused any of the violations alleged in the complaint.

For the foregoing reasons, summary judgment is GRANTED for the City on Coello's § 1983 claim.

IV.    Conclusion

Summary judgment is GRANTED for Officers Brunn and Gaglia and the City on all of Coello's claims.

Summary judgment is DENIED for Officers Parente and Droz as to Coello's unlawful entry claim and on the issue of qualified immunity, and GRANTED for the officers as to all other claims.

Summary judgment is DENIED for Officer Lobue as to Coello's false arrest, unlawful entry, and First Amendment claims and on the issue of qualified immunity. Summary judgment is GRANTED for Officer Lobue on the due process and conspiracy claims.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

**#64/65**

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-6900 PSG (Ssx) | Date | February 19, 2009 |
|---|---|---|---|
| Title | Enrique Coello v. City of Hermosa Beach, et al. | | |

**IT IS SO ORDERED.**